Dear Mr. Green:
You requested an Attorney General's opinion regarding the payment of physicians by the Louisiana State Boxing and Wrestling Commission ("Commission"). You indicated that the Inspector General's office has recently advised the Commission of a problem regarding the payment of physicians based upon their office's interpretation of R.S. 4:67. The Inspector General's office is of the opinion that R.S. 4:67 sets a fifty dollar ($50) maximum fee for physicians. You advised that the Commission is charged with the safety of boxing and wrestling participants, and that during the normal course of conducting business, the Commission is authorized to expend reasonable sums for this purpose. The Commission contends that the cap set by R.S. 4:67 applies only to the examination of contestants by physicians. As such, the Commission believes that it has the authority to pay physicians an additional fee, over the fifty dollar ($50) maximum, for additional services provided by such physicians. You question whether the Commission's interpretation of the statute is correct.
To address your question, we must first look to the relevant statutes, R.S. 4:67 and 4:70, which provide in pertinent part as follows:
 67. Gross receipts tax; deputy commissions and doctors; disbursements
* * * * *
 C.(1) From this fund a fee not to exceed fifty dollars is allowed for each sanctioned program for the personal examination of the contestants by the physician.
 (2) All expenses necessary to maintain the office of the commission and to carry on all of its business and affairs are also allowed from the fund.
Physicians; examinations; fouls
 The commission shall appoint a physician, competent and of good standing, who shall examine each contestant before the contestant enters the ring, and who shall say whether the contestant is in physical condition to box as advertised. The physician shall be present at the ringside. The physician shall render such advice or service as the commission requests.
R.S. 4:67 specifically sets a maximum fee of fifty dollars which may be paid to physicians for the personal examination of the contestants. Clearly, the Commission may pay a maximum of fifty dollars to physicians for the examination of contestants. However, pursuant to R.S. 4:70, the Commission is required to appoint a physician to perform certain duties which extend beyond just an examination of the contestants. Under the statute, the Commission shall appoint a physician who:
 Shall examine each contestant and say whether the contestant is in physical condition to box; and
Shall be present at the ringside; and
 Shall render such advice or service as the Commission requests.
R.S. 4:70 requires the Commission to appoint a physician to provide services that the Commission has no specific authority to pay for. However, R.S. 4:67(C)(2) gives the Commission the authority to pay all expenses necessary to carry on all of its business and affairs. The language of the statute appears to be broad enough to allow additional payments to physicians. The "business and affairs" of the Commission necessarily includes the statutorily mandated duty to insure that a physician, competent and of good standing, is present at ringside. Because the Commission is tasked with appointing a physician to be present at ringside and render service and advice, it stands to reason that R.S. 67(C)(2) authorizes the Commission to pay for such services.
While it is the opinion of our office that the broad language of R.S. 4:67(C)(2) authorizes the payment of additional fees to physicians, over the fifty dollar ($50) maximum for the examination of contestants, it is apparent that the language of the statute is susceptible to other interpretations. Our office strongly suggests that the Commission attempt to clarify any ambiguity in the statute legislatively.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ________________________
 KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/mjb